UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH LIMAURO,

                Plaintiff,        20-CV-03558 (CM)

- against -

CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., CHRISTOPHER JANUSZ, THOMAS BARRETT, and CONROY MCPHERSON,

                Defendants.


# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COUNT VIII OF THE AMENDED COMPLAINT


                CHRISTOPHER A. D'ANGELO
                Attorney for Defendants Consolidated Edison
                 Company of New York, Inc. ("Con Edison"),
                 Christopher Janusz, and Conroy McPherson
                4 Irving Place, 18th Floor
                New York, New York 10003

                **OF COUNSEL:**
                 Paul Limmiatis
                 914-837-5456


March 2, 2021

# TABLE OF CONTENTS

|                                              | Page |
|----------------------------------------------|------|
| PRELIMINARY STATEMENT                        | 1    |
| THE AMENDED COMPLAINT'S NEW ALLEGATIONS      | 2    |
| ARGUMENT                                     | 2    |
| CONCLUSION                                   | 5    |

## TABLE OF CASES

**Page(s)**

**Cases**

*Amponin v. Olayan Am. Corp.*,
  2015 WL 1190080 (S.D.N.Y. Mar. 16, 2015) ................................................................. 4

*Cromwell v. New York City Health & Hosps. Corp.*,
  2013 WL 2099252 (S.D.N.Y. May 15, 2013) ............................................................. 1, 3

*Fridman v. GCS Computers LLC*,
  2018 WL 1581990 (S.D.N.Y. Mar. 27, 2018) ................................................................. 4

*Henao v. Parts Auth., LLC*,
  2020 WL 5751175 (S.D.N.Y. Sep. 25, 2020) .................................................................. 3

*Kuck v. Planet Home Lending, LLC*,
  354 F. Supp. 3d 162 (E.D.N.Y. 2018) ......................................................................... 2, 3

*Litras v. PVM Int'l Corp.*,
  2013 WL 4118482 (E.D.N.Y. Aug. 15, 2013) ................................................................. 4

*Lundy v. Catholic Health Sys. of Long Island Inc.*,
  711 F.3d 106 (2nd Cir. 2013) .............................................................................. 2, 3

*Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*,
  723 F.3d 192 (2nd Cir. 2013) .................................................................................. 4

## PRELIMINARY STATEMENT

On February 9, 2021, the Court issued a Memorandum Decision and Order ("Mem. Dec.") granting the motion of Defendants Consolidated Edison Company of New York, Inc. ("Con Edison"), Christopher Janusz and Conroy McPherson to dismiss Count VIII of the original Complaint – purporting to assert a claim for failure to pay overtime wages under the New York Labor Law (NYLL). The Court dismissed the claim without prejudice, and gave Plaintiff 21 days to file an amended complaint "to cure the patent deficiency in the pleading." (Mem. Dec. 1, 24).

The Court, citing the Second Circuit's *Lundy*/*Nakahata*/*Dejesus* triumvirate, held that the Complaint failed to allege with sufficient specificity that Plaintiff had worked more than 40 hours of compensable time in any particular workweek. (Mem. Dec. 22-24). Rather, by resting entirely on vague and conclusory generalities (*e.g.*, alleging that Plaintiff "regularly worked more hours by coming in earlier and staying later") (*id.* at 23) (quoting Complaint ¶ 30), Plaintiff had failed to "satisf[y] his burden of pleading a plausibly viable failure-to-pay-overtime claim," and thus, Count VIII failed to state a claim upon which relief could be granted. (*Id.*).

The Amended Complaint adds four new paragraphs of allegations, none of which, individually or collectively, comes close to meeting the Second Circuit's standards or the roadmap carefully laid out by the Court for satisfying those standards. Instead, the Amended Complaint continues to allege the same type of vague, conclusory, and legally insufficient generalities that the Courts have routinely rejected. *See*, *e.g.*, *Cromwell v. New York City Health & Hosps. Corp.*, 2013 WL 2099252, *4 (S.D.N.Y. May 15, 2013) (allegation that plaintiff worked overtime shift "approximately twice a month," and other similarly vague and non-specific allegations, failed to state a claim under *Lundy*). Accordingly, as argued more fully below, Count VIII of the Amended Complaint should be dismissed with prejudice.

## THE AMENDED COMPLAINT'S NEW ALLEGATIONS

Count VIII's new allegations, in their entirety, are as follows:

> 221. Indeed, Mr. Limauro typically worked at least 45 hours per week, often more, and was not paid time and a half for those hours over 40 hours per week, and was deprived overtime pay.
>
> 222. Mr. Limauro often arrived for work at 6:15am, approximately 45 minutes before his usual start time at 7:00am, for morning meetings and would often stay until 6:00pm, approximately 3 hours later than his usual end time of 3:00pm.
>
> 223. Approximately twice per month (although sometimes more), Mr. Limauro also worked weekends (both Saturday and Sunday), in excess of 50 hours per week, but was not paid time and half for the hours over 40 hours per week that he worked, and thus was deprived overtime pay.
>
> 224. During outages throughout the year, Mr. Limauro also worked seven days per week for more than two weeks in a row, and thus worked in excess of at least 50 hours per week on those occasions, and he likewise was not paid time and half for that work and was thus deprived of overtime pay.

(Amended Complaint ("AC"), pg. 35).

## ARGUMENT

These new allegations, like the old allegations, are "patently deficient" and fail to state a failure-to-pay-overtime claim under the *Lundy*/*Nakahata*/*Dejesus* standards. The amended pleading relies on the same types of *verboten* terms – "typically," "often," and "approximately" – that stand as the hallmarks of a legally deficient overtime claim. *Cf., Kuck v. Planet Home Lending, LLC*, 354 F. Supp. 3d 162, 168 (E.D.N.Y. 2018) (to survive a motion to dismiss, plaintiffs must allege more than "merely claiming that they 'occasionally,' 'typically,' or 'regularly' worked more than 40 hours in some weeks") (quoted in Mem. Dec. at 23); *see also Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 115 (2nd Cir. 2013) (allegations that plaintiff's meal breaks "were 'typically' missed or interrupted and that she worked uncompensated time before her scheduled shifts, 'typically' 30 minutes, and after her scheduled shifts, 'often' an additional two hours . . . invited speculation [and] does not amount to a

2

plausible claim under FLSA"); *Henao v. Parts Auth., LLC*, 2020 WL 5751175, *3 (S.D.N.Y. Sep. 25, 2020) (allegations that "Defendants typically required the delivery drivers to work in excess of 40 hours per week, and often required them to work more than 10 hours in one day," failed to state a plausible claim for unpaid overtime under the *Lundy/Nakahata/Dejesus* standards); *Cromwell*, 2013 WL 2099252, at *4 (amended complaint's "estimates and approximations," with no identification of "precisely when, or at what point . . . Cromwell worked more than 40 hours[,] . . . invite the same sort of speculation that the Second Circuit held 'does not amount to a plausible claim under FLSA'") (quoting *Lundy,* 711 F.3d at 115).

      The Amended Complaint makes no allegations along the lines of those suggested by the Court in its Memorandum Decision. For example, the Court suggested that Plaintiff might allege "that he ***consistently*** worked more than 40 hours a week – ***per his regular schedule*** – and was not paid overtime," rather than just alleging that he "typically," "occasionally," or "regularly" worked more than 40 hours per week. (Mem. Dec. 23) (emphasis added). However, the Amended Complaint makes no such claim. The Court also suggested that Plaintiff might allege "that he was not allowed any breaks during his shift," and thereby worked more than eight hours every workday and more than 40 hours every workweek. (*Id.*). However, the Amended Complaint makes no such claim. Nor does the pleading "set[] forth a specific range of time that the Plaintiff[] worked above the 40-hour threshold every week," *Kuck*, 354 F. Supp. 3d at 170, or identify any particular workweek when he worked more than 40 hours. *Id.* at 167-68.

      As for Plaintiff's allegation that he worked "in excess of at least 50 hours per week . . . [d]uring outages throughout the year" (AC ¶ 224), he fails to specify when, or how often, these outages occurred, and thus fails to state a claim on this point as well. *See Cromwell*, 2013 WL 2099252, at *4 ("the Amended Complaint does not point to any *particular* workweek . . . during which Cromwell worked uncompensated time more than 40 hours," and "thus is deficient for the

3

same reason that the allegations . . . in *Lundy* failed to state a claim") (emphasis in original); *Fridman v. GCS Computers LLC*, 2018 WL 1581990, *4 (S.D.N.Y. Mar. 27, 2018) (dismissing overtime claims where "the only allegations relating to overtime in the complaint are when Plaintiff alleges that he 'routinely' worked a total of ten or more hours over forty hours per week. . . . Yet at no point in the complaint does Plaintiff allege *a single particular week* he worked more than forty hours") (emphasis in original); *Amponin v. Olayan Am. Corp.*, 2015 WL 1190080, *3 (S.D.N.Y. Mar. 16, 2015) (dismissing complaint where plaintiff failed to identify "a specific week during which she worked more than forty hours, nor the specific number of hours she worked during any such week").

In sum, Plaintiff's claims for overtime compensation under the NYLL should be dismissed because he still fails to plead with sufficient specificity to satisfy the Second Circuit's well-established standards. (*See* Mem. Dec. at 22-24); *see also Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2nd Cir. 2013) ("To plead a plausible FLSA overtime claim, Plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week"). The Amended Complaint's vague, generalized, and conclusory allegations, which provide no specific dates, no specific hours worked, or any other plausible allegations of uncompensated overtime in any particular workweek, plainly fail to meet those standards. *Cf.*, *Litras v. PVM Int'l Corp.*, 2013 WL 4118482, *7 (E.D.N.Y. Aug. 15, 2013) (denying motion to dismiss unpaid overtime claim where plaintiff attached to the complaint a chart setting forth specific dates and an estimate of the number of hours worked on each specific date, along with the start and end time of her work for each date).

## **CONCLUSION**

For the reasons set forth above, Count VIII of the Amended Complaint should be dismissed in its entirety with prejudice, and Defendants Con Edison, Christopher Janusz, and Conroy McPherson awarded such other and further relief as the Court deems just and proper.

Dated: March 2, 2021  CHRISTOPHER A. D'ANGELO
New York, New York  Attorney for Defendants Con Edison, Christopher Janusz, and Conroy McPherson

Of Counsel:

By: /s/ Paul Limmiatis
4 Irving Place, 18th Floor
New York, New York 10003
limmiatisp@coned.com
914-837-5456