UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————

JOSEPH LIMAURO,

              Plaintiff,

    -against-

                                  No. 20-cv-03558 (CM)

CONSOLIDATED EDISON COMPANY OF
NEW YORK, INC.; CHRISTOPHER JANUSZ;
THOMAS BARRETT; AND CONROY
MCPHERSON

              Defendants
———————————————————————

**MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS COUNT VIII OF THE AMENDED COMPLAINT**

McMahon, C.J.:

    Plaintiff Joseph Limauro was employed as a construction-services supervisor by Consolidated Edison Company of New York ("ConEd") from November 1, 2017 until he was fired on May 31, 2019. Limauro sued ConEd and the associated defendants on May 7, 2020, alleging eight total claims arising under the Americans with Disabilities Act, the Family Medical Leave Act, the New York State and City Human Rights Laws, and the New York State Labor Law ("Labor Law"). On February 9, 2021, the Court denied ConEd's motion to dismiss seven of the eight counts, but dismissed Limauro's Labor Law claim without prejudice for failure to state a claim. The Court held that Limauro had failed to plausibly allege that ConEd failed to pay him required overtime in violation of the statute. The Court gave Limauro 21 days to amend his pleading, which he has timely done.

Now before the Court is ConEd's motion to dismiss Limauro's amended Labor Law claim for failure to state a claim. The motion is GRANTED. Limauro's amended Count VIII is DISMISSED with prejudice.

I.

The Court assumes the parties' familiarity with Limauro's allegations, which are recounted in an earlier decision denying ConEd's motion to dismiss Limauro's other causes of action. *See Limauro v. Consolidated Edison Co. of N.Y.*, No. 20-cv-3558 (CM), 2021 WL 466952 (S.D.N.Y. Feb. 9, 2021) ("*Limauro I*").

In his original complaint, Limauro alleged that his normal shift was from "7am to 3:30pm" Monday through Friday, but that he "regularly worked more hours by coming in early and staying later." (Compl. at ¶ 30). This amounted to regularly working 8.5 hours per day, but the Court held that the allegation "lack[ed] specificity." *Limauro I*, 2021 WL 466952, at *12. It noted that:

> if Limauro were expected to work 8.5 hours a day with no breaks for lunch or otherwise, then he would have routinely worked at least 42.5 hours a week *before* any additional time was factored in. . . . However, it is customary for employees to have shifts that include a lunch break or some other break(s), so in order to plead a plausible claim of failure to pay overtime under that theory, Limauro would need to plead that he was not allowed any breaks during his shift. He did not so plead. *Ibid*.

The Court thus dismissed Limauro's failure-to-pay-overtime claim without prejudice, and granted Limauro "leave to amend to cure the patent deficiency in the pleading." *Id*. at *1.

Limauro's amended complaint adds four paragraphs of new allegations. In full, they are:

> 221. Indeed, Mr. Limauro typically worked at least 45 hours per week, often more, and was not paid time and a half for those hours over 40 hours per week, and was deprived overtime pay.

> 222. Mr. Limauro often arrived for work at 6:15am, approximately 45 minutes before his usual start time at 7:00am, for morning meetings and would often stay until 6:00pm, approximately 3 hours later than his usual end time of 3:00pm.

2

223. Approximately twice per month (although sometimes more), Mr. Limauro also worked weekends (both Saturday and Sunday), in excess of 50 hours per week, but was not paid time and half for the hours over 40 hours per week that he worked, and thus was deprived overtime pay.

224. During outages throughout the year, Mr. Limauro also worked seven days per week for more than two weeks in a row, and thus worked in excess of at least 50 hours per week on those occasions, and he likewise was not paid time and half for that work and was thus deprived of overtime pay.

These allegations are still insufficient to plead a plausible failure-to-pay-overtime claim. They suffer from the same deficiencies that plagued the original complaint. The allegations lack specificity as to *when* Limauro was required to work more than forty hours a week or the *frequency* with which he did so. Instead, they make general assertions about how Limauro "typically" worked 45 hours per week, or how he would "often" arrive to work early. But allegations that a plaintiff "typically," "occasionally," or "regularly" worked more than forty hours a week, without more, are insufficient to state a claim. *See, e.g., Kuck v. Planet Home Lending, LLC*, 354 F. Supp. 3d 162, 168–69 (E.D.N.Y. 2018) (collecting cases). "To plead a plausible FLSA overtime claim, Plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." *Nakahata v. New York Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013). Limauro's vague assertions do not meet this threshold.

Although the amended complaint makes new allegations about how Limauro worked more during "outages throughout the year," there is no specificity as to when these outages occurred, or their frequency. The complaint also claims that Limauro worked weekends "approximately" twice each month, but again, there is no specificity as to which weekends nor any detail about why the extra work was required. "The estimates and approximations here invite the same sort of speculation that the Second Circuit held 'does not amount to a plausible claim'" for failure to pay

overtime. *Cromwell v. New York City Health and Hosps. Corp.*, No. 12-cv-4251 (PAE), 2013 WL 2099252, at \*4 (S.D.N.Y. May 15, 2013) (quoting *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 115 (2d Cir. 2013)). Limauro's new allegations fundamentally lack "factual context or content" as to the alleged violation, and thus do not state a plausible claim. *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 (2d Cir. 2013).

There is no allegation that ConEd consistently scheduled Limauro to work more than forty hours each week or that ConEd never gave Limauro any breaks during his normal workday. In short, there is no way to identify from the allegations which weeks Limauro was required to work more than forty hours. *See Nakahata*, 723 F.3d at 201.

Accordingly, Limauro's amended complaint still does not state a claim for failure to pay overtime under the New York Labor Law, which is evaluated under the same standard as the federal Fair Labor Standards Act. *Id.* at 200. His amended Count VIII is dismissed with prejudice.

The Clerk is respectfully directed to remove the motion at Docket #22 from the court's list of open motions.

Dated: March 31, 2021

_____

Chief Judge

BY ECF TO ALL COUNSEL